UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: LEON EUGENE MORRIS,
               Plaintiff.

Case No. 15-cv-01858-WHO (PR)

Case No. 15-cv-02169-WHO (PR)

**ORDER OF DISMISSAL**

Dkt. No. 4

Plaintiff Leon Morris, a state prisoner and frequent litigant in federal court, was ordered to show cause on or before November 30, 2015 (a date set after the Court granted Morris an extension of time) why 28 U.S.C. § 1915(g) does not bar pauper status in these two federal civil rights actions. Morris has failed to file a response to the Order to Show Cause in either suit. He therefore has not shown that 28 U.S.C. § 1915(g) does not bar pauper status in these actions. Accordingly, these two actions will be dismissed.[1]

The Prison Litigation Reform Act of 1995 provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or

---

[1] The Court recently dismissed on the same grounds another of Morris's suits (No. 14-5134 WHO).

appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Under the law of this Circuit, plaintiff must be afforded an opportunity to persuade the Court that § 1915(g) does not bar pauper status for him. *See Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). *Andrews* requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. *Id.* *Andrews* implicitly allows the Court to raise sua sponte the § 1915(g) problem, but requires the Court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *Id.* A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

The Court met its burden when it informed Morris of the earlier dismissals (through the Order to Show Cause) and gave him an opportunity to respond. He was informed that the following three actions would be considered as strikes: (1) *Morris v. Duncan*, No. C 02-00928 MJJ (N.D. Cal. May 3, 2002) (civil rights action dismissed at screening for failure to state a claim); (2) *Morris v. Lushia*, No. C 00-56600 (9th Cir. Apr. 16, 2001) (appeal dismissed for failure to pay filing fee); and (3) *Morris v. Woodford*, No. C 06-15869 (9th Cir. Jun. 11, 2007) (appeal dismissed and judgment of district court summarily affirmed on the merits). In a prior action, the Court determined that these three actions qualify as strikes under § 1915(g).[2]

Morris, however, has not met his burden. He has not filed an opposition to the motion, nor otherwise shown that § 1915(g) does not bar pauper status for him. He therefore may proceed *in forma pauperis* ("IFP") only if he is seeking relief from a danger

---

[2] Case No. 12-2480 WHO, Docket No. 33.

1  of serious physical injury which is "imminent" at the time of filing. *Andrews v. Cervantes*,
2  493 F.3d 1047, 1052-53 (9th Cir. 2007). He has made no such allegation or showing and
3  therefore has not shown that he is entitled to protection under the imminent danger
4  exception.

5      Dismissal under § 1915(g) is proper because Morris was given proper notice and
6  has had an opportunity to be heard on the matter before the Court dismisses these actions.
7  *Andrews*, 398 F.3d at 1120. Accordingly, these two actions are hereby DISMISSED
8  without prejudice to Morris filing new paid complaints. *See* 28 U.S.C. § 1915(g). The
9  actions are also DISMISSED under Federal Rule of Civil Procedure 41(b) because he
10 failed to prosecute this action when he did not respond to the Order to Show Cause.

11     His motions to proceed IFP (Docket No. 4 in both actions) are DENIED.

12     The Clerk shall terminate Docket No. 4 in No. 15-02169, enter judgment in favor of
13 defendants in both actions, and close the files.

14     **IT IS SO ORDERED.**

15 **Dated:** January 7, 2016



WILLIAM H. ORRICK
United States District Judge