UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON EUGENE MORRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PETERSEN, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-02169-WHO (PR)<br><br>**ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND** |

## INTRODUCTION

In the present federal civil rights action, plaintiff Leon Morris raises numerous unrelated claims, all more than a decade old, that he has raised in at least one other action in this Court.[1] Because these claims are unrelated by fact or law, the complaint will be dismissed with leave to file an amended complaint on or before **September 24, 2018**. In the amended complaint, Morris must choose one claim from his lengthy list.

## PROCEDURAL BACKGROUND

In 2015, Morris filed the complaint and an application to proceed *in forma pauperis* (IFP). He was ordered to show cause why his IFP motion should not be denied because he had filed at least three actions that had been dismissed as frivolous or malicious, or on

---

[1] *See, e.g.*, *Morris v. Peterson*, No. 12-02480.

grounds that he failed to state a claim.[2] (Dkt. No. 4.) The suit was dismissed when he failed to show cause. (Dkt. Nos. 9 and 10.)

Morris's appeal was successful. The Ninth Circuit determined that one of the suits ("strikes") was not a strike, vacated the judgment and the order of dismissal, and remanded the action to this Court for a redetermination of Morris's IFP application. (Dkt. Nos. 18, 19, 20, and 21.) The Court reopened the suit and granted the application. (Dkt. No. 22.)

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States

---

[2] Under 28 U.S.C. § 1915(g) a prisoner is barred from proceeding IFP if he or she has on 3 or more occasions brought an action or appeal that was dismissed because it was frivolous or malicious because it failed to state a claim for relief.

was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Under Federal Rule of Civil Procedure 20, persons may be joined in one action as defendants only if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

## B.     Legal Claims

Morris raises over 20 claims against 30 defendants at Salinas Valley State Prison. These claims are unrelated by fact or law, and therefore fall afoul of Federal Rule of Civil Procedure 20. They involve many different defendants committing different acts (excessive force, baseless searches, deliberate indifference, stealing mail and legal records, violations of due process) at different times during 2005 and 2006. Accordingly, the complaint is DISMISSED with leave to file an amended complaint on or before **September 24, 2018**. Further instructions regarding that amended complaint appear in the conclusion of this order.

Some cautionary notes are appropriate. Morris raised claims slightly older than these in prior actions, i.e., *Morris v. Travis*, No. 10-4010 and *Morris v. Travis*, No. 14-05134. In each, defendants' motion to dismiss on grounds of untimeliness was granted. Morris's appeals of these cases were terminated because he failed to prosecute. The appellate court refused to grant his motions to reinstate the appeals and declared that it would accept no further filings in these cases.

All this is to say that whatever claim Morris raises from his current list will likely be challenged by defendants as untimely, so he should include in his amended complaint any allegations that may address that issue.

## CONCLUSION

The complaint is DISMISSED with leave to file an amended complaint on or before **September 24, 2018**. The amended complaint must include the caption and civil case

3

number used in this order (15-02169 WHO (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

Again, Morris may raise <u>one</u> claim. Any other claims he raises will be dismissed.

**IT IS SO ORDERED.**

**Dated:** August 20, 2018

_____
WILLIAM H. ORRICK
United States District Judge